IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CAPITAL FUNDING, LLC, | : | |
| | : | C.A. No. |
| Plaintiff, | : | |
| | : | |
| v. | : | [Related to Delaware Superior Court |
| | : | Case No. N24C-06-188-KMV] |
| CRANSTON APARTMENTS LLC, | : | |
| | : | |
| Defendant, | : | |

## NOTICE OF REMOVAL

Defendant Cranston Apartments LLC ("Cranston"), by its undersigned counsel, hereby removes the civil action captioned *Capital Funding, LLC v. Cranston Apartments LLC*, Case No. N24C-06-188-KMV, filed on June 21, 2024 in the Delaware Superior Court (the "State Court Action") to this Court pursuant to 28 *U.S.C.* § 1441. Copies of the process and pleadings served on Defendant in the State Court Action, including a copy of the complaint (the "Complaint"), are attached as Exhibit A.

## BACKGROUND

1. On June 21, 2024, Plaintiff Capital Funding, LLC ("Capital") commenced the State Court Action against Cranston in the Delaware Superior Court.

2. Cranston was served with the Complaint on July 8, 2024 and filed this notice of removal within the 30-day time period provided by 28 *U.S.C.* § 1446(b).

3. In the Complaint, Capital seeks a judgment on a $22,750,000 loan it provided to Cranston for the purchase of commercial real property located in Wilmington, Delaware (the "Property"). The loan was evidenced by a Loan Agreement and Note, as amended.

4.     Capital claims that Cranston has committed interest payment defaults under the Loan Agreement and as a result of such default is entitled to acceleration and collection of the outstanding balance of the loan, plus interest and other fees, totaling $25,101,663.94. Such claim is false. Indeed, Cranston will be filing counterclaims against Capital demonstrating that Cranston has not defaulted on its payment obligations under the Loan Agreement and that it is Capital who is the breaching party in this matter. Thus, Capital is not entitled to acceleration or collection of the full loan balance and other amounts it seeks from Cranston.

## BASIS FOR REMOVAL

5.     Removal is proper because there is complete diversity between the parties. 28 *U.S.C.* § 1332(a); 28 *U.S.C.* § 1441(b).

6.     Where a party is a limited liability company, federal courts look to the citizenship of an LLC's members to establish the citizenship of the LLC itself. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104-105 (3d Cir. 2015) (internal quotations omitted) (citizenship of LLC is determined by citizenship of its members).

7.     Capital sole member is CFG Bank, a Maryland state-chartered bank. CFG Bank's principal place of business is located at 1422 Clarkview Road, Baltimore, MD 21209.

8.     Cranston's members are Cranston Manager LLC and Cranston Holdings LLC. Cranston Manager LLC's sole member is Elimelech Tress, an individual citizen of New Jersey. Cranston Holdings LLC's members are Cranston Manager LLC (whose sole member is New Jersey citizen Elimelech Tress), and various individual investors (citizens of New Jersey, New York, and Florida).

9.     Thus, Capital is a citizen of the state of Maryland and Cranston is a citizen of the States of New Jersey, New York, and Florida.

10. Removal is also warranted because the amount in controversy exceeds $75,000. As stated above, Capital seeks to collect from Cranston the outstanding balance of the loan, plus interest and other fees, totaling $25,101,663.94.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

11. This Notice of Removal is timely, in accordance with 28 *U.S.C.* § 1441(b), as it is filed within 30 days after Cranston received a copy of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 *U.S.C.* § 1446(b).

12. Cranston has not yet filed a responsive pleading. *See* Docket Entries, included in Exhibit A. Cranston hereby reserves all rights to assert any and all defenses and counterclaims. Cranston further reserves the right to amend or supplement this Notice of Removal.

13. Copies of all pleadings, process, orders, and other filings in the State Court Action are attached to this notice as required by 28 *U.S.C.* § 1446(a).

14. Cranston will promptly file a copy of this notice of removal with the clerk of the Delaware Court of Chancery where the suit has been pending. *See* 28 *U.S.C.* §§ 1446(a), (d).

## CONCLUSION

15. Based on all the foregoing, Cranston asks that the Court remove the State Court Action to the United States District Court for the District of Delaware pursuant to 28 *U.S.C.* §§ 1332, 1441, and 1446.

Dated: July 26, 2024

        **CHIPMAN BROWN CICERO & COLE, LLP**

|  |  |
|---|---|
| OF COUNSEL:<br>Israel Dahan<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, NY 10036<br>idahan@kslaw.com<br>P: 212.556.2114<br><br>Thaddeus D. Wilson KING & SPALDING LLP 1180 Peachtree Street, NE Atlanta, GA 30309<br>thadwilson@kslaw.com<br>P: 404.572.4600 | /s/ Kelly E. Rowe<br>Joseph Cicero (#4388)<br>Kelly E. Rowe (#6199)<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, Delaware 19801<br>(302) 295-0191<br><br>*Attorneys for Defendant Cranston Apartments LLC* |

4