# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPITAL FUNDING, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CRANSTON APARTMENTS LLC, ) <br> MENACHEM TRESS and ) <br> ELIMELECH TRESS ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 1:24-cv-00857-RGA <br><br> CONSOLIDATED |

## SCHEDULING ORDER

This __9th__ day of __October__, 2024, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the above-captioned parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order.

24881391

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before November 4, 2024.

3. <u>Discovery</u>.

    a. <u>Discovery Cut Off</u>.

        (i) All fact discovery in the above-captioned consolidated cases shall be initiated so that it will be completed on or before April 30, 2025.

    b. <u>Document Production</u>.

        (i) All document production in the above-captioned consolidated cases shall be substantially complete by January 24, 2025.

    c. <u>Requests for Admission</u>. A maximum of twenty-five (25) requests for admission are permitted per side in the above-captioned consolidated cases.

    d. <u>Interrogatories</u>. A maximum of twenty-five (25) interrogatories, including contention interrogatories, are permitted per side in the above-captioned consolidated cases.

    e. <u>Depositions</u>.

        (i) <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of ten (10) depositions, no more than seven hours each, for taking

testimony by deposition upon oral examination in the above-captioned consolidated cases.

        (i)    Any fact depositions shall be taken no later than April 11, 2025.

        (ii)    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. The parties may also agree to conducting video depositions.

    f.    <u>Disclosure of Expert Testimony</u>.

        i.    <u>Expert Reports</u>.

- For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before <u>March 24, 2025</u>. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is

due on or before April 15, 2025. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Any expert depositions shall be taken no later than April 30, 2025.

        ii.      Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        g.      Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule a hearing. Unless otherwise ordered, by no later than forty- eight hours prior to the hearing, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later

than twenty-four hours prior to the hearing, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above. Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another

5

party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. <u>Courtesy Copies</u>. [Reserved]

7. <u>Case Dispositive Motions</u>. No case dispositive motion under Rule 56 may be filed more than ten days before the below date without leave of the Court.

   a. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before May 30, 2025.

   b. Plaintiff may file a case dispositive motion under Rule 56 in the foreclosure action (24-858-RGA) at any time without leave of the Court.

   c. Plaintiff is limited to one (1) case dispositive motion under Rule 56 in the foreclosure action.

8. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

6

9. <u>Pretrial Conference</u>. On July 18, 2025, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. (EST). The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

10. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

11. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. [Not applicable].

12. <u>Trial</u>.

    a. Trial in C.A. No. 24-cv-00858-RGA (the foreclosure action), C.A. No. 24-cv-00857-RGA (the note action), and C.A. No. 24-cv-00971-RGA (the guaranty action), is scheduled for a three (3) day trial beginning on July 28, 2025. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

**IT IS SO ORDERED**.

    /s/ Richard G. Andrews
    _____
    RICHARD G. ANDREWS
    UNITED STATES DISTRICT JUDGE